IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CEDRIC JEROME MCCULLUM**                                         **PLAINTIFF**

v.                                           **CIVIL ACTION NO. 1:15-cv-145-LG-RHW**

**SINGING RIVER HOSPITAL SYSTEM**                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER
DISMISSING PLAINTIFF'S COMPLAINT**

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Cedric Jerome McCullum, an inmate of the Jackson County Adult Detention Center, brings this *pro se* Complaint pursuant to 42 U.S.C. § 1983. The named defendant is Singing River Hospital System.[1] Plaintiff was granted permission to proceed *in forma pauperis*. *See* Order [6]. After liberal review of Plaintiff's Complaint [1], Response [9, 11], and entire record, the Court has reached the following conclusions.

**I.    Background**

Plaintiff alleges that on August 11, 2007, he was diagnosed as HIV positive at Singing River Hospital. He states that in 2014, incident to his current incarceration and at the direction of personnel of the Jackson County Adult Detention Center, he was administered a blood test at a different medical facility and informed that he is HIV negative. *See* Attach. [4-1] at 1 (copy of Inmate

---

[1] Singing River Hospital "is a governmental entity/political subdivision of the State of Mississippi." Def.'s Mot. Summ. J. at 5, *Stallworth v. Singing River Health System*, No. 1:10-cv-123 (S.D. Miss. June 24, 2011), ECF No. 25.

Request Form and Response).  Plaintiff complains that Defendant's misdiagnosis constitutes malpractice and it "damaged" his name.  Compl. [1] at 4.  As relief, Plaintiff seeks monetary damages.

## II.  Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious."  *See* 28 U.S.C. § 1915 (e)(2)(B).  The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success."  *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992) (per curiam).  Since the Court has permitted Plaintiff McCullum to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States."  *Bryant v. Military Dep't of the State of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010).  Initially, the Court notes that negligent medical care or medical malpractice does not constitute a valid § 1983 claim.  *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).

Plaintiff alleges that on August 11, 2007, he was incorrectly diagnosed as HIV positive at Singing River Hospital.  It is not clear if Plaintiff sought treatment

based on this diagnosis or if he suffered any type of injury by his purported misdiagnosis. In any event, being informed that blood test results are HIV positive when in fact the results are HIV negative does not rise to the level of a constitutional violation. *See Garrett v. Univ. of Tex. Med. Branch,* 261 F. App'x 759, 760 (5th Cir. 2008) (finding inmate's misdiagnosis of a urinary tract infection when in fact he suffered from appendicitis is "no more than unsuccessful treatment or negligence"); *Irby v. Cole*, 278 F. App'x 315, 316 (5th Cir. 2008) (per curiam) (finding misdiagnosis of inmate's medical condition may be negligent but it does not rise to the level of a constitutional violation); *Lewis v. Keliher*, No. 3:08-cv-775, 2008 WL 3166804, *3 (N.D. Tex. July 28, 2008) (finding inmate's misdiagnosis and treatment for diabetes resulting in seven day hospital stay and adverse affects to inmate's eye sight, liver and kidney to be nothing more than unsuccessful treatment or negligence). Plaintiff cannot maintain his claims for negligence or medical malpractice under § 1983.

To the extent Plaintiff is seeking relief for the purported "damage to his name" because he was incorrectly labeled HIV positive, he is not entitled to relief under § 1983. There is no constitutional right to be free from defamation or slander. *See Paul v. Davis,* 424 U.S. 693, 699-702 (1976) (recognizing that injury to one's reputation may be a violation of State tort law but such an injury does not implicate a "liberty" or "property" interest protected by the Due Process Clause); *see also Mowbray v. Cameron Cnty, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001) (holding

that allegations of slander by a former prisoner, resulting in public humiliation, scorn, and ridicule, did not state a claim under § 1983).

In *Roberson v. Wexford Health Services*, a Texas inmate asserted various medically related complaints, including that the defendants "misdiagnosed him by reporting to him a false positive blood test result" and "defamed him by publishing his false positive blood test result." *Roberson v. Wexford Health Services, Inc.,* No. 97-40289, 135 F.3d 141, 142 (5th Cir. 1997). The district court determined that Roberson's factual allegations did not state a constitutional violation and dismissed his claims as frivolous under § 1915 (e)(2)(B). *Id*. at 141. The Fifth Circuit affirmed in an unpublished opinion stating, "the district court's denial of Roberson's claims that the defendants . . . misdiagnosed him by reporting to him a false positive blood test result, defamed him by publishing his false positive blood test result . . . is affirmed for essentially the reasons stated by the district court." *Id*. at 142. Furthermore, "[t]he district court's dismissal with prejudice of Roberson's federal claims was proper because Roberson's allegations could not be cured by amendment." *Id.* (citations omitted). Likewise, Plaintiff being incorrectly labeled HIV positive by medical personnel at Singing River Hospital does not amount to a constitutional violation.

Plaintiff cannot maintain this civil action under 42 U.S.C. § 1983. Any possible state law claims Plaintiff may be asserting will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3) (supplemental jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction").

## III. Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, this civil action is dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii). This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915 (g).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's claims brought under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii). This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 17th day of August, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE